UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**FREIDA DARLENE JOHNSON**                                                            **PLAINTIFF**

v.                                                            **CIVIL ACTION NO. 4:22-CV-P152-JHM**

**ALBERT SHAW** *et al.*                                                            **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### I.

Plaintiff Freida Darlene Johnson is incarcerated at the Daviess County Detention Center. She brings this action against Albert Lee Shaw; Daviess County Judges David Payne, Jay Wethington, and Joe Castlen; and Kentucky Attorney General Daniel Cameron. She sues each Defendant in their individual and official capacities.

Plaintiff makes the following allegations in the complaint:

Pain and suffering extreme emotional distress inflicted by Albert Shaw on 4/22/19 I was married to Mr. Shaw he would abuse me several and distroy property in the amount of 20,000.00 plus no restitution or damages were awarded and Mr. Shaw was convicted of domestic assault. If damages occurred in a domestic violence incident the victim should be awarded damages. But because Ive filed priveous lawsuit against the Commonwealth of Kentucky the judges did not award damages which should have been award for the domestic battery by Albert Shaw for his role he played in causing harm by Chief Circuit Court Judge Jay Wethington in the domestic violence case in the divorce I wasn't allowed legal council and a property dispute occurred and the judge Joe Castlen stated it wasnt a matter for his court it was criminal. As seen over and over in case involving me and the Commonwealth of Kentucky good ole boy system I have been treated unfair and unjust. The property is not the property of Albert Shaw it's a judge David Payne whom allowed Mr. Shaw to control property based on a forged last will intestimony by Janice Shaw. This is grand larceny or property theft. These damages would occur on

property owned by Albert Shaw which makes him responsible if damages occur to someone on his property.

As relief, Plaintiff seeks compensatory and punitive damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Defendant Shaw

The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Defendant Shaw, Plaintiff's ex-husband, is a private citizen and acted as such when he took the actions Plaintiff alleges in the complaint. Plaintiff does not assert that he acted under color of state law, and nothing in the complaint suggests that he did. Accordingly, the claim against Defendant Shaw will be dismissed for failure to state a claim. *See, e.g.*, *McCormick v. Kendra*, No. 4:16CV-P17-JHM, 2017 U.S. Dist. LEXIS 60121, at *23 (W.D. Ky. Apr. 20, 2017) (dismissing for failure to state a claim where "nothing in Plaintiff's . . . complaint alleges or shows that these Defendants are state actors, *i.e.*, acted under color of state law").

3

### B. Defendants Judges Payne, Wethington, and Castlen

Defendants Judges Payne, Wethington, and Castlen are state officials. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from state officials in their official capacities, he fails to state a cognizable claim against them under § 1983. Plaintiff's official-capacity claims against these Defendants also fail because claims against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky and are, therefore, barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

With regard to Plaintiff's individual-capacity claims against Defendants Judges Payne, Wethington, and Castlen, judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. Judicial immunity can be overcome in only two situations--for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump*, 435 U.S. at 356-57. Because nothing in the complaint suggests that the Defendant judges were not acting in their judicial capacity or were acting in the complete absence of all jurisdiction in Plaintiff's state-court cases, Plaintiff's individual-capacity claims against them will be dismissed.

### C. Defendant Attorney General Cameron

Defendant Attorney General Cameron is also a state official. Therefore, the official-capacity claim against him must be dismissed for the same reasons the official-capacity claims against the Defendant judges must be dismissed.

In regards to a claim against Defendant Cameron his individual capacity, Plaintiff states no allegations against him, and the claim is therefore subject to dismissal on this basis. *Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). To the extent that he sues Defendant Cameron in his role as a supervisor of other individuals based on his role as the Kentucky Attorney General, the claim would still fail because the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Because the complaint contains no allegations that Defendant Cameron was actively involved in an alleged violation of Plaintiff's constitutional rights, any claim against him based solely on a supervisory role must be dismissed for failure to state a claim upon which relief may be granted.

## IV.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: May 9, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.010